1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJINDER SINGH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>　　　　Respondents. | Case No. 2:26-cv-01937-CV (KS)<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [3]** |

On February 23, 2026, Petitioner Harjinder Singh filed an Ex Parte Application for Temporary Restraining Order ("Application"). Doc. # 3 ("App."). On February 26, 2026, Respondents filed a Response to the Application. Doc. # 8 ("Resp."). Having reviewed and considered all the briefing filed with respect to the Application, the Court finds that oral argument is not necessary to resolve the Application, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

I. **INTRODUCTION**

On February 23, 2026 Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 against U.S. Immigration and Customs Enforcement ("ICE");

the Secretary of the U.S. Department of Homeland Security, Kristi Noem; the Acting Director of ICE, Todd Lyons; the Los Angeles Field Office Director for ICE, Thomas Giles; the Assistant Los Angeles Field Office Director for ICE, James Pilkington; and the Warden of Adelanto Detention Facility, GEO Group Inc. (collectively, "Respondents"). Doc. # 1 ("Pet.").

On the same day, Petitioner filed the Application for a Temporary Restraining Order ("TRO") that would: (1) enjoin Respondents from continuing Petitioner's detention absent constitutionally adequate process; (2) order Petitioner's immediate release; or alternatively, (3) order Respondents to provide Petitioner a prompt individualized custody hearing before a neutral decisionmaker at which the Government bears the burden of justifying detention by clear and convincing evidence. App. at 2, 10.

## II.     FACTUAL BACKGROUND

Petitioner is a citizen and national of India who entered the United States without inspection in or about April 2022. Pet. ¶ 17. On or about April 10, 2022, Petitioner was apprehended by United States Customs and Border Protection, and following processing, was released on his own recognizance on April 27, 2022. *Id.*; Doc. # 1-1 at 9. On May 16, 2022, Petitioner was served with a Notice to Appear, initiating removal proceedings in the Immigration Court. *Id.* ¶ 18.

On February 28, 2025, the Immigration Court denied Petitioner's application for asylum. *Id.* ¶ 20. Petitioner timely appealed that decision to the Board of Immigration Appeals, and his appeal remains pending. *Id.*

On February 5, 2026, Petitioner was taken into custody by ICE during a regularly scheduled ICE check-in appointment, and was taken to the Adelanto Detention Facility, where he is presently detained. *Id.* ¶ 19.

## III.     LEGAL STANDARD

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush &*

*Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## IV. DISCUSSION

Petitioner argues that his detention is wrongful because it violates both procedural and substantive due process pursuant to the Fifth Amendment. Specifically, he argues that he was released by immigration authorities on his own recognizance and remained at liberty for nearly four years while complying with government supervision requirements, including attending scheduled ICE appointments (including the one at which he was detained). Petitioner argues that his re-arrest in 2026 without any custody redetermination hearing violated his procedural dur process.

In opposition, Respondents argue that Petitioner appears to be a member of the "Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-

1  SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) (*Bautista*), and that Petitioner is
2  therefore subject to the final judgment entered in *Bautista* as to the Bond Eligible Class,
3  subject to Respondent's appeal in that matter.

4  However, the record before the Court does not support that Petitioner is a member
5  of the Bond Eligible Class. Specifically, the Court in *Bautista* certified the Bond Eligible
6  Class, defined as "All noncitizens in the United States without lawful status who (1) have
7  entered or will enter the United States without inspection; (2) were not or will not be
8  apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C.
9  § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes
10 an initial custody determination." Here, although Petitioner entered the United States
11 without inspection, he was subsequently apprehended. Pet. ¶ 17. Further, Petitioner had
12 previously been released on his own recognizance by immigration officials, and is therefore
13 not in the same position as those in the Bond Eligible Class in *Bautista*.

14 Respondents do not otherwise dispute that Petitioner is entitled to relief on the
15 Motion, and rather, only make arguments as to what the relief should be, which the Court
16 addresses below. This Court has previously held that non-citizens with valid parole status
17 and non-citizens subject to an order of supervision are entitled to due process *before* the
18 State deprives them of their liberty. *See, e.g.*, *Y.L.S. v. Santacruz*, No. 5:25-cv-02927-CV
19 (MBK) (C.D. Cal. Nov. 20, 2025); *Martinez v. Janecka*, No. 5:25-cv-02787-CV (PD) (C.D.
20 Cal. Nov. 7, 2025). Similarly, here, the Court finds that Petitioner, who had been released
21 on his own recognizance by immigration officials, was entitled to due process in the form
22 of notice and a pre-detention hearing before the State deprived him of his liberty. *See id.*

23 In particular, the Court finds that (1) Petitioner has presented, at the very least, a
24 serious question going to the merits of his procedural due process claims on the grounds
25 that he was entitled to a pre-deprivation hearing; (2) Petitioner is likely to suffer irreparable
26 injury in the absence of a TRO because his detention constitutes a loss of liberty that is
27 irreparable, *see Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well
28 established that the deprivation of constitutional rights unquestionably constitutes

irreparable injury.") (internal quotation marks omitted); and (3) the balance of equities and public interest weigh in favor of granting Petitioner's request for a TRO because "the public has a strong interest in upholding procedural protections against unlawful detention," *Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020), and the government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations," *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

Having found that Petitioner has made the requisite showing for the Court to grant a TRO, the Court next considers what relief is warranted. Because Petitioner was entitled to a pre-detention hearing, the Court will order his immediate release. The Court will further enjoin respondents from re-detaining Petitioner without notice and a pre-detention hearing. The parties disagree as to whether the Government should bear the burden of justifying detention by clear and convincing evidence at that hearing.

Although this Court previously agreed with the Government's argument that the Ninth Circuit's decision in *Rodriguez Diaz v. Garland*, 83 F.4th 1177, 1178 (9th Cir. 2023) instructed against the imposition of a clear and convincing evidentiary standard (*see Y.L.S. v. Santacruz*, No. 5:25-cv-02927-CV (MBK)), the Court has since been persuaded by other district courts that have conducted a similar analysis and found that the clear and convincing evidence standard is consistent with Ninth Circuit precedent. *See Pinchi v. Noem*, 792 F.Supp.3d 1025 (N.D. Cal. 2025); *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *17–18 (E.D. Cal. Oct. 16, 2025); *see also Marin v. Warden*, 5:25-cv-03500-CV (AJR) (C.D. Cal. Feb. 18, 2026).

The Court will therefore order Petitioner to be immediately released, and will enjoin Respondents from re-detaining him unless Respondents demonstrates at a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community, such that his physical custody is required.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. The Court has "discretion as to the amount of security required, if any," and it "may

dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

## V. **CONCLUSION**

For the foregoing reasons, the court GRANTS Petitioner's Application and ORDERS as follows:

1. Respondents are ordered to immediately release Petitioner from custody.

2. Respondents must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner.

3. Respondents may not re-detain Petitioner without providing him with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondent demonstrates at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community.

4. To preserve the Court's jurisdiction, respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

5. This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on March 18, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

6. Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than March 10, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than March 12, 2026.

7. The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

**IT IS SO ORDERED**.

Dated: 3/4/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE