UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJINDER SINGH,<br><br>        Petitioner,<br><br>   v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>        Respondents. | Case No. 2:26-cv-01937-CV (KS)<br><br>**ORDER ISSUING PRELIMINARY INJUNCTION PURSUANT TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [9]** |

On March 4, 2026, the Court issued a Temporary Restraining Order ("TRO") and Order to Show Cause why a Preliminary Injunction Should Not Issue ("OSC"). Doc. # 9 ("TRO Order"). On March 5, 2026, Respondents filed a Response to the OSC, and on March 12, 2026, Petitioner filed a Reply in response to the OSC. Doc. # 11 ("Gov. Resp."); Doc. # 12 ("Reply"). Having reviewed and considered all the briefing filed with respect to the Order to Show Cause Re: Preliminary Injunction, the Court finds that oral argument is not necessary to resolve the OSC, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

## I.    BACKGROUND

On February 23, 2026 Petitioner Harjinder Singh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 against U.S. Immigration and Customs Enforcement ("ICE"); the Secretary of the U.S. Department of Homeland Security, Kristi Noem; the Acting Director of ICE, Todd Lyons; the Los Angeles Field Office Director for ICE, Thomas Giles; the Assistant Los Angeles Field Office Director for ICE, James Pilkington; and the Warden of Adelanto Detention Facility, GEO Group Inc. (collectively, "Respondents"). Doc. # 1 ("Pet."). On the same day, Petitioner filed the Application for a Temporary Restraining Order ("Application"). Doc. # 3.

On March 4, 2026, the Court issued the TRO and OSC ordering:

1.    Respondents are ordered to immediately release Petitioner from custody.

2.    Respondents must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner.

3.    Respondents may not re-detain Petitioner without providing him with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondent demonstrates at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community.

4.    To preserve the Court's jurisdiction, respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

5.    This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on March 18, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

6.    Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than March 10, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than March 12, 2026.

7.    The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

TRO Order at 6–7.

The Court has previously recounted the factual background in this case in the TRO which is incorporated here by reference. TRO Order.

## II.    **LEGAL STANDARD**

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of

another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff,'" so long as the other *Winter* factors are also met. *Id.* at 1132.

**III.    DISCUSSION**

In response to the OSC, Respondents argue that they have complied with the TRO by releasing Petitioner from custody. Gov. Resp. at 2; Doc. # 10. Respondents argue that Petitioner's release moots both the requested preliminary injunction and this habeas petition more generally. Gov. Resp. at 2–3. Respondents further argue that Petitioner has not made a clear showing that he is entitled to a pre-detention bond hearing or that he will suffer irreparable harm absent a preliminary injunction. *Id.* at 3–7.

**A.    The Request for Preliminary Injunction is Not Moot.**

As to mootness, the Court agrees that the request for a preliminary injunction is moot as to the orders that: (1) Respondent is ordered to immediately release Petitioner from custody; and (2) Respondent must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner. The Petitioner has received the relief requested and ordered as to these portions of the TRO. Because there is no present controversy as to which effective relief can be granted as to these points, they are moot. *See Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

However, the TRO is not moot as to the orders that: (1) Respondent may not re-detain Petitioner without providing him with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondent demonstrates at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community, and (2) to preserve the Court's jurisdiction, respondent is enjoined from transferring, relocating, or removing Petitioner outside of the Central

District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

Further, the Court declines to find the Petition as a whole moot at this time, as the OSC was solely related to the issuance of a preliminary injunction, not the final resolution of the case. The Magistrate Judge assigned to this case will set a briefing schedule for Respondents to respond to the merits of the Petition.

### B.    Petitioner is Entitled to a Preliminary Injunction

As to Respondents' remaining arguments, the Court notes that these arguments should have been raised in response to the Application itself. However, in response to the Application, Respondents merely made the incorrect statement that Petitioner was a member of the Bond Eligible Class in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (Bautista). Doc. # 8.

The Court has already found that Petitioner is entitled to injunctive relief in this matter. Specifically, citing to *Y.L.S. v. Santacruz*, No. 5:25-cv-02927-CV (MBK) (C.D. Cal. Nov. 20, 2025) and *Martinez v. Janecka*, No. 5:25-cv-02787-CV (PD) (C.D. Cal. Nov. 7, 2025), the Court found that (1) Petitioner has presented, at the very least, a serious question going to the merits of his procedural due process claims on the grounds that he was entitled to a pre-deprivation hearing; (2) Petitioner is likely to suffer irreparable injury in the absence of a TRO because his detention constitutes a loss of liberty that is irreparable, *see Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury.") (internal quotation marks omitted); and (3) the balance of equities and public interest weigh in favor of granting Petitioner's request for a TRO because "the public has a strong interest in upholding procedural protections against unlawful detention," *Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020), and the government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations," *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

Respondents' new arguments raised in response to the OSC do not change the Court's prior conclusion. Specifically, Respondents do not address the procedural due process analysis that was central to the Court's decision in *Y.L.S.* and *Martinez*. Rather, Respondents make general assertions about their "broad authority to revoke supervised release," and question the status of Petitioner's release without providing any contradictory evidence, even though such evidence would indisputably be in their custody and control.

As to irreparable harm, Respondents argue that now that Petitioner is not in custody, he cannot show that he will suffer irreparable harm absent an injunction. However, Respondents also argue that they have broad authority to re-detain Petitioner without the process ordered by this Court. That, in addition to the fact that Petitioner was in fact previously taken into custody without proper process, and the numerous similar cases this Court has encountered showing similar due process violations by the Government in the last several months, show that Petitioner's fears regarding re-detention are not merely speculative.

Finally, the balance of equities and public interest continue to favor Petitioner, as previously determined by the Court in the TRO.

## IV.   **CONCLUSION**

For the foregoing reasons, the court issues a Preliminary Injunction and ORDERS as follows:

1.   Respondent may not re-detain Petitioner without providing him with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner may not be detained unless Respondent demonstrates at such a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and that there are no conditions that will reasonably assure Petitioner's appearance and the safety of any other person in the community.

2.   To preserve the Court's jurisdiction, respondent is enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final

resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

**IT IS SO ORDERED**.

Dated: 3/17/26

_Cynthia Valenzuela_
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

7